# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
|  | ) |
| Plaintiff, | ) |
| v. | ) |
|  | ) |
| IAB MARKETING ASSOCIATES, LP, also | ) |
| d/b/a IAB; | ) |
| INDEPENDENT ASSOCIATION OF | ) |
| BUSINESSES, also d/b/a IAB; | ) |
| HEALTHCORP INTERNATIONAL, INC., also | ) |
| d/b/a IAB; | ) |
| JW MARKETING DESIGNS, LLC, also d/b/a | ) |
| IAB; | ) |
| INTERNATIONAL MARKETING AGENCIES, | ) |
| LP, also d/b/a IAB; | ) |
| INTERNATIONAL MARKETING | ) |
| MANAGEMENT, LLC also d/b/a IAB; | ) |
| WOOD, LLC, also d/b/a IAB; | ) |
| HEALTH SERVICE PROVIDERS, INC.; | ) |
| MAGNOLIA HEALTH MANAGEMENT | ) |
| CORPORATION, also d/b/a Health Service | ) |
| Providers; | ) |
| MAGNOLIA TECHNOLOGIES | ) |
| CORPORATION, also d/b/a Health Service | ) |
| Providers; | ) |
| FAV MARKETING, INC., also d/b/a Health | ) |
| Service Providers; | ) |
| JAMES C. WOOD; | ) |
| JAMES J. WOOD; | ) |
| MICHAEL J. WOOD; | ) |
| GARY D. WOOD; | ) |
| ROY D. HAMILTON; and | ) |
| JUDY M. HAMILTON, | ) |
|  | ) |
| Defendants. | ) |
|  | ) |

**Case No. 012-CV-61830-RNS**

**STIPULATED PRELIMINARY INJUNCTION**

This matter comes before the Court upon the stipulated motion of Plaintiff, the Federal Trade Commission ("FTC"), and Defendants Health Service Providers, Inc. ("HSP"); Magnolia Health Management Corporation, also d/b/a Health Service Providers; Magnolia Technologies Corporation, also d/b/a/ Health Service Providers; Fav Marketing, Inc., also d/b/a Health Service Providers; Roy Hamilton; and Judy Hamilton (the "Stipulating Defendants") for the entry of a Preliminary Injunction against the Stipulating Defendants.

On September 18, 2012, the FTC filed its Complaint for Permanent Injunction and Other Equitable Relief pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, and the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"). (ECF No. 1)  The Court subsequently entered a Temporary Restraining Order with an Asset Freeze, Appointment of a Temporary Receiver and Monitor, Immediate Access, Other Equitable Relief, and for an Order to Show Cause Why a Preliminary Injunction Should Not Issue on September 18, 2012.  (ECF No. 17.)

The Commission and Stipulating Defendants have consented to entry of this Stipulated Preliminary Injunction.  Now, therefore, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

## I.  **FINDINGS OF FACT**

1.  This Court has jurisdiction over the subject matter of this case, and there is good cause to believe that it will have jurisdiction over all parties hereto and that venue in this district is proper;

2.  There is good cause to believe that the Stipulating Defendants have engaged in and are likely to engage in acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and that the FTC is therefore likely to prevail on the merits of this action.  As

demonstrated by the over 50 Consumer Declarations and the additional documentation filed by the FTC, the FTC has established the likelihood of success in showing that the Stipulating Defendants have made serious misrepresentations leading consumers to believe, among other things, that an Association Membership is health insurance or the equivalent of such insurance. (*See, e.g.*, ECF Nos. 8, 9, & 15 (Pxs. 1, 9-20, 28, 31, 33 35, 38 & 151).)

3.    There is also good cause to believe that the Stipulating Defendants have engaged in and are likely to engage in acts or practices that violate the FTC's Trade Regulation Rule entitled "Telemarketing Sales Rule" ("TSR"), 16 C.F.R. Part 310, and that the FTC is therefore likely to prevail on the merits of this action.  Based on the evidence presented, including over 25 Consumer Declarations and additional documentation filed by the FTC, the FTC has established the likelihood of success on the merits that the Stipulating Defendants violated the TSR in numerous respects.  First, the Stipulating Defendants made false and misleading statements to induce persons to pay for services, in violation of 16 C.F.R. § 310.4(a)(4).  (*See, e.g.*, ECF Nos. 8, 9, & 15 (1, 9-20, 28, 31, 33 35, 38 & 151).)  Second, the Stipulating Defendants violated 16 C.F.R. § 310.4(b)(1)(iii)(A) & (B) by initiating, or causing another to initiate, numerous telephone calls to telephone numbers listed on the Do Not Call Registry or to consumers who have previously stated to the telemarketers that they do not wish to receive calls made by, or on behalf of, the Defendants.  (*See, e.g.*, ECF Nos. 9-2, 12-2, & 13-3 (Pxs. 41-51, 53-68, 89, 124).)  Third, the Stipulating Defendants have also failed to pay the required fees for access to the DNC Registry, in violation of Part 310.8 of the TSR.  (*See* ECF No. 16 (Px. 163).)  Fourth, the Stipulating Defendants have further violated the TSR by initiating numerous telephone

calls to consumers in which they failed to promptly connect the consumers who answered the call with a sales representative, in violation of Part 310.4(b)(1)(iv) of the TSR. (*See, e.g.,* ECF No. 9-2 (Pxs. 43, 46-47, 55, 57, 59, 63-64, 67-68).) And Fifth, the Stipulating Defendants have initiated numerous outbound calls to consumers in which they failed to disclose to consumers, in a Clear and Conspicuous manner: (1) the seller's identity or (2) that the telemarketers were calling to sell Association Memberships in violation of Part 310.4(d)(1) & (3) of the TSR. (*See, e.g.,* ECF Nos. 8, 9, 15 (Pxs. 1, 12, 17, 35 41-68, 151).)

4.     There is good cause to believe that immediate and irreparable harm will result from the Stipulating Defendants' ongoing violations of the FTC Act and the TSR unless the Stipulating Defendants are restrained and enjoined by Order of this Court.

5.     Good cause also exists for: (a) the continued appointment of a Receiver over Corporate HSP Defendants; (c) the freezing of Stipulating Defendants' Assets; and (c) the ancillary relief ordered below. The FTC has demonstrated a likelihood that Roy and Judy Hamilton are individually liable and properly subject to an asset freeze. *See F. T. C. v. Gem Merchandising Corp.,* 87 F.3d 466, 470 (11th Cir. 1996). Specifically, FTC has demonstrated that it will likely prevail in showing that Defendants Roy and Judy Hamilton have the ability to control the Corporate HSP Defendants because each is an officer, director, and majority shareholder of each of the Corporate HSP Defendants. (*See, e.g.,* ECF Nos. 12-4, 13, & 15-16 (Pxs. 108, 111, 120-23, 152-53, 159, & 163).) Similarly, the FTC has demonstrated it will likely prevail in showing that Defendants Roy and Judy Hamilton either had knowledge of the misrepresentations, were recklessly indifferent to the fact that misrepresentations were being made, or were aware that there

was a high probability that misrepresentations were made but intentionally avoided the truth.  (*See id.*)

6.    After weighing the equities and considering the FTC's likelihood of ultimate success on the merits, a preliminary injunction with an asset freeze and the appointment of a Receiver is in the public interest; and

7.    The FTC is an independent agency of the United States of America and no security is required of any agency of the United States for issuance of a preliminary injunction.  Fed. R. Civ. P. 65(c).

## II. DEFINITIONS

For the purpose of this Preliminary Injunction ("Order"), the following definitions shall apply:

1.    **"Asset"** means any legal or equitable interest in, right to, or claim to, any real, personal, or intellectual property including, but not limited to, chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, contracts, mail or other deliveries, shares or stock, securities, inventory, checks, notes, accounts, credits, receivables (as those terms are defined in the Uniform Commercial Code), insurance policies, lines of credit, cash, trusts (including but not limited to asset protection trusts), lists of consumer names and reserve funds or any other accounts associated with any payments processed by, or on behalf of, any Defendant, including, but not limited to, such reserve funds held by payment processors, credit card processors, banks or other financial institutions.

2.    **"Assisting Others"** includes providing any of the following goods or services to another entity: (1) performing customer service functions, including, but not limited to, charging

5

consumers for products or services, or receiving or responding to consumer complaints;
(2) formulating or providing, or arranging for the formulation or provision of, any sales
script or other marketing material; (3) providing names of, or assisting in the generation
of, potential customers; (4) performing or providing marketing or billing services of any
kind; (5) processing credit and debit card payments; or (6) acting as an officer or director
of a business, corporation or other entity.

3.      **"Association Membership"** means any product or service that Defendants market
directly, or through any Person, to consumers as providing health-related benefits,
savings, or discounts.

4.      **"Clear and Conspicuous"** or **"Clearly and Conspicuously"** mean:

a.   In print communications, the message shall be presented in a manner that stands out
from the accompanying text, so that it is sufficiently prominent, because of its type
size, contrast to the background against which it appears, location, or other
characteristics, for an ordinary consumer to notice, read, and comprehend it in
relation to any claim it may be modifying;

b.   In communications made through an electronic medium (e.g., television, Internet,
telephone, etc.), the message shall be presented simultaneously in both the audio and
visual portions of the communication.  In any communication presented solely
through visual or audio means, the message shall be made through the same means in
which the communication is presented.  In any communication disseminated by
means of an interactive electronic medium (e.g., Internet), a disclosure must be
unavoidable and presented prior to the consumer incurring any financial obligation.
Any audio message shall be delivered in a volume and cadence sufficient for an

ordinary consumer to hear and comprehend it in relation to any claim it may be modifying. Any visual message shall be presented in a manner that stands out in the context in which it is presented, so that it is sufficiently prominent, because of its size and shade, contrast to the background against which it appears, length of time it appears on the screen, and its location, for an ordinary consumer to notice, read, and comprehend it in relation to any claim it may be modifying; and

c.  Regardless of the medium used to disseminate it, the message shall be in understandable language and syntax. Nothing contrary to, inconsistent with, or in mitigation of the message shall be used in any communication.

5.  **"Corporate Defendants"** means Corporate HSP Defendants and Corporate IAB Defendants.

6.  **"Corporate HSP Defendants"** means Health Service Providers, Inc.; Magnolia Health Management Corporation, also d/b/a Health Service Providers; Magnolia Technologies Corporation, also d/b/a Health Service Providers; Fav Marketing, Inc., also d/b/a Health Service Providers; and their divisions, subsidiaries, affiliates, predecessors, successors, and assigns.

7.  **"Corporate IAB Defendants"** means IAB Marketing Associates, LP, also d/b/a IAB; Independent Association of Businesses, also d/b/a IAB; HealthCorp International, Inc., also d/b/a IAB; JW Marketing Designs, LLC, also d/b/a IAB; International Marketing Agencies, LP, also d/b/a IAB; International Marketing Management, LLC, also d/b/a IAB; Wood, LLC, also d/b/a IAB; and their divisions, subsidiaries, affiliates, predecessors, successors, and assigns.

8. **"Defendants"** means all of the Individual Defendants and the Corporate Defendants, individually, collectively, or in any combination.

9. **"Document" or "Documents"** is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and encompasses both paper Documents and electronically stored information—including writings, drawings, graphs, charts, Internet sites, Web pages, Web sites, electronic correspondence (including email, instant messages, text messages, and other correspondence transmitted on cell phones, smart phones and other mobile devices), photographs, audio and video recordings, contracts, accounting data, advertisements (including, but not limited to, advertisements placed on the World Wide Web), FTP Logs, Server Access Logs, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business cancelled checks, check registers, bank statements, appointment books, computer records and files, mobile electronic records and files, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the Stipulating Defendants into a reasonably usable form. A draft or non-identical copy is a separate Document within the meaning of the term.

10. **"FTC Act"** means the Federal Trade Commission Act codified at 15 U.S.C. §§ 41-58.

11. **"HSP Defendants"** means Corporate HSP Defendants and Individual HSP Defendants.

12. **"IAB Defendants"** means Corporate IAB Defendants and Individual IAB Defendants.

13. **"Individual Defendants"** means Individual IAB Defendants and Individual HSP Defendants.

14.    **"Individual IAB Defendants"** means James C. Wood, James J. Wood, Michael J. Wood, and Gary D. Wood.

15.    **"Individual HSP Defendants"** means Roy D. Hamilton and Judy M. Hamilton.

16.    **"Material"** means likely to affect a person's choice of, or conduct regarding, goods or services.

17.    **"National Do Not Call Registry"** means the registry of telephone numbers maintained by the Commission, pursuant to Section 310.4(b)(1)(iii)(B) of the TSR, 16 C.F.R. § 310.4(b)(1)(iii)(B), of persons who do not wish to receive outbound telephone calls to induce the purchase of goods or services.

18.    **"Person"** shall be construed in its broadest sense and means both natural persons and artificial entities including, but not limited to, sole proprietorships, general partnerships, limited partnerships, joint ventures, limited liability partnerships, limited liability companies, corporations, sub-chapter S corporations, closely held corporations, professional corporations, business associations, business trusts, and all past and present officers, directors, agents, employees, parent companies, subsidiaries, predecessors, successors, affiliates, assigns, divisions or other persons acting or purporting to act on such person's behalf.

19.    **"Plaintiff"** or **"Commission"** or **"FTC"** means the Federal Trade Commission.

20.    **"Provider"** means a Person providing healthcare related services to consumers, including professionals trained in medicine and health services such as doctors, nurses, physical therapists, as well as health facilities or institutions such as hospitals, clinics, primary care centers, and other service delivery points.

21. **"Receiver"** means the receiver appointed in Section XIV of this Order and any deputy receivers that shall be named by the receiver.

22. **"Receivership Defendants"** means the HSP Corporate Defendants and the Assets of the Individual HSP Defendants.

23. **"Representative"** or **"Representatives"** means Defendants' officers, agents, servants, employees, and attorneys, and any other person or entity in active concert or participation with them, who receives actual notice of this Order by personal service or otherwise.

24. **"Telemarketing"** means any plan, program, or campaign that is conducted to induce the purchase of goods or services or a charitable contribution by use of one or more telephones.

25. **"Telemarketing Sales Rule"** or **"TSR"** means the Telemarketing Sales Rule set forth in 16 C.F.R. Part 310.

## III. PROHIBITED BUSINESS ACTIVITIES – MEDICAL DISCOUNT PLANS OR HEALTH-RELAED INSURED BENEFITS

**IT IS HEREBY ORDERED** that Stipulating Defendants and their Representatives, whether acting directly or through any entity, corporation, subsidiary, division, director, manager, member, affiliate, agent, independent contractor, accountant, financial advisor, or other device, are hereby restrained and enjoined from: (1) advertising, marketing, promoting, offering for sale, or selling any products or services that are related to, or purportedly related to, medical discount plans or health-related insured benefits; and (2) Assisting Others with advertising, marketing, promoting, offering for sale, or selling any products or services related to medical discount plans or health-related insured benefits.

## IV.  <u>PROHIBITED BUSINESS ACTIVITIES - MISREPRESENTATIONS</u>

**IT IS HEREBY ORDERED** that Stipulating Defendants and their Representatives, whether acting directly or indirectly through any entity, corporation, subsidiary, division, director, manager, member, affiliate, agent, independent contractor, accountant, financial advisor, or other device, in connection with the marketing of goods or services, are hereby restrained and enjoined from making, or assisting in the making of, expressly or by implication, any false or misleading statement or representation of material fact, including but not limited to:

A.     There is a link between any company with a non-profit status and Defendants' ability to provide goods or services at a discounted rate;

B.     Any material terms regarding the total cost to purchase, receive, or use, and the quantity of, any goods or services that are subject to the sales offer;

C.     Any material restrictions, limitations, or conditions to purchase, receive, or use the goods or services sold; and

D.     Any material aspect of the performance, efficiency, nature, characteristics, benefits, or qualities of the goods or services.

## V.  <u>PROHIBITED BUSINESS ACTIVITIES – VIOLATING THE TSR</u>

**IT IS HEREBY ORDERED** that Stipulating Defendants and their Representatives, whether acting directly or indirectly through any entity, corporation, subsidiary, division, director, manager, member, affiliate, agent, independent contractor, accountant, financial advisor, or other device, in connection with Telemarketing of any goods or services are hereby restrained and enjoined from violating any provision of the TSR, 16 C.F.R. Part 310, including but not limited to:

A.     Initiating outbound calls, or causing others to initiate outbound calls, and failing

11

to disclose truthfully, promptly, and in a Clear and Conspicuous manner to the person receiving a call in connection with Telemarketing: (1) the identity of the seller, or (2) the nature of the goods or services;

      **B.**    Failing to connect, or causing another to fail to connect, an outbound call to a consumer made in connection with Telemarketing to a sales representative within two seconds of the completed greeting of the person answering the call;

      **C.**    Initiating any outbound telephone calls, or causing others to initiate outbound telephone calls, that deliver prerecorded messages;

      **D.**    initiating any outbound telephone calls, or causing others to initiate outbound telephone calls, to any person's telephone number on the National Do Not Call Registry;

      **E.**    Initiating outbound telephone calls, or causing another to initiate outbound telephone calls, to a person who has previously stated that he or she does not wish to receive such a call made by or on behalf of the Defendants; and

      **F.**    Initiating outbound telephone calls, or causing others to initiate outbound telephone calls, to a telephone number within a given area code when Stipulating Defendants have not, either directly or through another Person, paid the required annual fee for access to the telephone numbers within that area code that are included in the National Do Not Call Registry.

## VI.  <u>ASSET FREEZE</u>

      **IT IS FURTHER ORDERED** that Defendants and their Representatives, whether acting directly or through any entity, corporation, subsidiary, division, director, manager, member, affiliate, independent contractor, accountant, financial advisor, or other device, are hereby restrained and enjoined from:

      **A.**    Transferring, liquidating, converting, encumbering, pledging, loaning, selling,

12

concealing, dissipating, disbursing, assigning, relinquishing, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing any funds, real or personal property, accounts, contracts, shares of stock, lists of consumer names, or other Assets, or any interest therein, wherever located, including outside the United States, that are:

1. owned, controlled or held, in whole or in part, by any Stipulating Defendant;

2. held, in whole or in part, for the direct or indirect benefit of, any Stipulating Defendant;

3. in the actual or constructive possession of any Stipulating Defendant;

4. held by an agent of any Stipulating Defendant as a retainer for the agent's provision of services to Stipulating Defendants;

5. owned or controlled by, or in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any of the Stipulating Defendants, or of which any Stipulating Defendant is an Officer, Director, Member, or Manager.  This includes, but is not limited to, any Assets held by, for, or subject to access by, any of the Stipulating Defendants at any bank or savings and loan institution, or at/with any broker-dealer, escrow agent, title company, insurance company, commodity trading company, precious metal dealer, payment processor, credit card processor, acquiring bank, merchant bank, independent sales organization, third party processor, payment gateway or other financial institution or depository of any kind; or

    6.   held in any account for which any Stipulating Defendant is, or was on the date that this Order was signed, an authorized signor.

**B.**    Opening or causing to be opened any safe deposit boxes, commercial mail boxes, or storage facilities titled in the name of any Stipulating Defendant, either individually or jointly, or subject to access by any Stipulating Defendant;

**C.**    Obtaining a personal or secured loan encumbering the Assets of any Stipulating Defendant, or subject to access by any Stipulating Defendant;

**D.**    Incurring liens or other encumbrances on real property, personal property, or other Assets in the name, individually or jointly, of any Stipulating Defendant or of any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Stipulating Defendant; or

**E.**    Incurring charges or cash advances on any credit or bank card issued in the name, individually or jointly, of any Corporate HSP Defendant or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Stipulating Defendant or of which any Stipulating Defendant is an Officer, Director, Member, or Manager.  This includes, but is not limited to, any corporate bank card or corporate credit card account for which any Stipulating Defendant is, or was on the date that this Order was signed, an authorized signor.

**PROVIDED** that the Assets affected by this Section shall include: (a) all Assets of the Corporate HSP Defendants; and (b) all Assets of the Individual HSP Defendants existing as of the date this Order was entered, or acquired by any Individual HSP Defendant following entry of this Order, if such Assets are derived from any activity that is the subject of, or is prohibited by, this Order.

## VII.  **DUTIES OF ASSET HOLDERS**

**IT IS FURTHER ORDERED** that any financial or brokerage institution, credit card processor, payment processor, merchant bank, acquiring bank, independent sales organization, third party processor, payment gateway, insurance company, business entity, or person served with a copy of this Order that (a) holds, controls, or maintains custody of any account or Asset of any Stipulating Defendant, (b) holds, controls, or maintains custody of any Asset associated with credits, debits or charges made on behalf of any Stipulating Defendant, including but not limited to, reserve funds held by payment processors, credit card processors, payment merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies or other entities, or (c) has held, controlled, or maintained custody of any such account or Asset at any time since the date of entry of this Order shall:

A.      Hold and retain within its control and prohibit the withdrawal, removal, assignment, transfer, pledge, encumbrance, disbursement, dissipation, relinquishment, conversion, sale, or other disposal of any such Assets, as well as all Documents or other property related to such Assets, except by further order of this Court;

B.      Deny any person, except the Receiver acting pursuant to Section XV of this Order, access to any safe deposit box, commercial mail box, or storage facility that is:

        1.      titled in the name of any Stipulating Defendant, either individually or jointly; or

        2.      otherwise subject to access by any Stipulating Defendant;

C.      Provide the FTC's counsel and the Receiver, within five (5) days of receiving a copy of this Order, a sworn statement setting forth:

        1.   the identification number of each account or Asset:

     a)  titled in the name, individually or jointly, of any Stipulating Defendants;

     b)  held on behalf of, or for the benefit of, any Stipulating Defendants; or

     c)  associated with credit or debit charges made on behalf of Stipulating Defendants;

2.  the balance of each such account, or a description of the nature and value of each such Asset as of the close of business on the day on which this Order is served, and, if the account or other Asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other Asset was remitted; and

3.  the identification of any safe deposit box, commercial mail box, or storage facility that is either titled in the name, individually or jointly, of any of the Stipulating Defendants, or is otherwise subject to access by any of the Stipulating Defendants; and

    **D.**    Upon the request of the FTC or the Receiver, promptly provide the FTC and the Receiver with copies of all records or other Documentation pertaining to such account or Asset, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, including wire transfers and wire transfer instructions, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and all logs and records pertaining to such safe deposit boxes, commercial mail boxes and storage facilities.

## VIII.  <u>FINANCIAL REPORTS AND ACCOUNTING</u>

**IT IS FURTHER ORDERED** that each Stipulating Defendant, within five (5) days of service of this Order upon them, shall prepare and deliver to Counsel for the Commission and the Receiver completed financial statements on the forms attached to this Order as **Attachment A** (Financial Statement of Individual Defendant) for themselves individually, and **Attachment B** (Financial Statement of Corporate Defendant) for each business entity under which they conduct business or of which they are an officer, and for each trust for which any Stipulating Defendant is a trustee.  The financial statements shall be accurate as of the date of entry of this Order and signed under penalty of perjury.  Each Stipulating Defendant shall include in the financial statements all information requested in the statements, including a full accounting of all funds and Assets, whether located inside or outside of the United States, that are: (a) titled in the name of such Stipulating Defendant, jointly, severally, or individually; (b) held by any person or entity for the benefit of such Stipulating Defendant; or (c) under the direct or indirect control of such Stipulating Defendant.  Stipulating Defendants shall attach to these completed financial statements copies of all local, state, provincial, and federal income and property tax returns, with attachments and schedules, as called for by the instructions to the financial statements.

A Stipulating Defendant does not, however, have to provide information pursuant to this Section VIII (Financial Statements) if (1) the Stipulating Defendant has already provided all such information pursuant to Section XI (Financial Reports and Accounting) of the Temporary Restraining Order; and (2) the information provided has not changed.  If both of these conditions are met, the Stipulating Defendant must provide a sworn statement to the Receiver and Counsel for the Commission stating that all information pursuant to Section XI (Financial Reports and

Accounting) of the Temporary Restraining Order has already been provided and further stating that such information has not changed since the information was initially provided.

## IX.  FOREIGN ASSET REPATRIATION

**IT IS FURTHER ORDERED** that within five (5) days following the service of this Order, each Stipulating Defendant shall:

A. Transfer to the territory of the United States and deliver to the Receiver all funds, Documents, and Assets located in foreign countries which are: (1) titled in the name individually or jointly of any Stipulating Defendant; or (2) held by any person or entity, for the benefit of any Stipulating Defendant; or (3) under the direct or indirect control of any Stipulating Defendant, whether jointly or singly; and

B. Provide the Commission and Receiver access to all records of accounts or Assets of any Stipulating Defendant held by financial institutions located outside the territorial United States by signing the Consent to Release of Financial Records appended to this Order as **Attachment C**.

A Stipulating Defendant does not, however, have to provide the information, documents, or the release identified in this Section if (1) the Stipulating Defendant has already provided such information, documents, or release pursuant to Section XII (Foreign Asset Repatriation) of the Temporary Restraining Order; and (2) the information provided or contained in the document or release has not changed.

## X.  INTERFERENCE WITH REPATRIATION

**IT IS FURTHER ORDERED** that Stipulating Defendants and their Representatives, whether acting directly or through any entity, corporation, subsidiary, division, director, manager, member, affiliate, independent contractor, accountant, financial advisor, or other

18

device, are hereby temporarily restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign Assets, or in the hindrance of the repatriation required by Section IX of this Order, including, but not limited to:

      **A.**     Sending any statement, letter, fax, email or wire transmission, or telephoning or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time that all Stipulating Defendants' Assets have been fully repatriated pursuant to Section IX of this Order; or

      **B.**     Notifying any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a court order, until such time that all Stipulating Defendants' Assets have been fully repatriated pursuant to Section IX of this Order.

## XI.  CONSUMER CREDIT REPORTS

      **IT IS FURTHER ORDERED** that pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(1), any consumer reporting agency served with this Order shall promptly furnish consumer reports as requested concerning any Stipulating Defendant to counsel for the Commission.

## XII.  PRESERVATION OF RECORDS

      **IT IS FURTHER ORDERED** that Stipulating Defendants and their Representatives, whether acting directly or through any entity, corporation, subsidiary, division, director, manager, member, affiliate, independent contractor, accountant, financial advisor, or other device, are hereby temporarily restrained and enjoined from:

     **A.**     Destroying, erasing, falsifying, writing over, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, Documents that relate to: (1) the business, business practices, Assets, or business or personal finances of any Defendant, (2) the business practices or finances of entities directly or indirectly under the control of any Defendant, or (3) the business practices or finances of entities directly or indirectly under common control with any other Defendant, including but not limited to: any and all Marketing Materials, World Wide Web pages, consumer complaints, rate decks, call detail records, telephone logs, telephone scripts, contracts, correspondence, email, corporate books and records, accounting data, financial statements, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, calendars, appointment books, and tax returns;

     **B.**     Failing to create and maintain Documents that, in reasonable detail, accurately, fairly, and completely reflect Defendants' incomes, disbursements, transactions, and use of the Defendants' Assets; and

     **C.**     Creating, operating, or exercising any control over any new business entity, whether newly formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship, or corporation, without first providing counsel for the Commission with a written statement disclosing: (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities.

### XIII.  PROHIBITION ON RELEASE OF CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Stipulating Defendants and their Representatives, whether acting directly or through any entity, corporation, subsidiary, division, director, manager, member, affiliate, independent contractor, accountant, financial advisor, or other device, are hereby temporarily restrained and enjoined from:

**A.**     Selling, renting, leasing, transferring, or otherwise disclosing the name, address, telephone number, credit card number, bank account number, email address, or other identifying information of any person who paid money to a Defendant for an Association Membership or who were contacted or are on a list to be contacted by any Defendant; and

**B.**     Benefitting from or using the name, address, birth date, telephone number, email address, Social Security number, Social Insurance number, credit card number, bank account number, or other financial or identifying personal information of any Person from whom or about whom any Defendant obtained such information in connection with any activity that pertains to the subject matter of this Order.

Provided, however, that the Defendants may disclose such identifying information to a law enforcement agency or as required by any law, regulation, or court order.

### XIV.  APPOINTMENT OF RECEIVER

**IT IS FURTHER ORDERED** that John Arrastia continue as the appointed receiver for the Receivership Defendants and any of their affiliates, subsidiaries, divisions, or telephone sales or customer service operations, wherever located, with the full power of an equity receiver.  The Receiver shall be the agent of this Court, and solely the agent of this Court, in acting as Receiver under this Order.  The Receiver shall be accountable directly to this Court.

## XV.  RECEIVER'S DUTIES AND AUTHORITIES

**IT IS FURTHER ORDERED** that the Receiver is authorized and directed to accomplish the following:

A.      Assume full control of the Receivership Defendants by removing, as the Receiver deems necessary or advisable, any director, officer, independent contractor, employee, or agent of any of the Receivership Defendants, including any Defendant, from control of, management of, or participation in, the affairs of the Receivership Defendants;

B.      Take exclusive custody, control, and possession of all Assets and Documents of, or in the possession, custody, or under the control of, the HSP Corporate Defendants, wherever situated, including an inventory of all property of the Individual Defendants.  The Receiver shall have full power to divert mail and to sue for, collect, receive, take in possession, hold, and manage all Assets and Documents of the HSP Corporate Defendants and other persons or entities whose interests are now under the direction, possession, custody, or control of, the HSP Corporate Defendants.  The Receiver shall assume control over the HSP Corporate Defendants' income and profits and all sums of money now or hereafter due or owing to the HSP Corporate Defendants.  Provided, however, that the Receiver shall not attempt to collect any amount from a consumer if the Receiver believes the consumer was a victim of the unfair or deceptive acts or practices or other violations of law alleged in the Complaint in this matter, without prior Court approval;

C.      Take exclusive custody, control, and possession of the Assets and income of the Individual HSP Defendants.  Provided, however, that the Receiver shall not use such Assets or income to pay any obligation incurred by the Individual HSP Defendants or others prior to or after the date of entry of this Order, and shall not otherwise be liable to pay such obligations.

Provided, further, that the Receiver may authorize, in writing, the Individual HSP Defendants to maintain possession of particular Assets of the Individual HSP Defendants, and may revoke such authorization at any time. The Receiver is also not obligated to pay the rent, mortgage, or other obligations of the Individual HSP Defendants. Notwithstanding the authority of this paragraph, the Receiver shall not, without further order of this Court: (1) take physical possession of or sell the Individual HSP Defendants' residences, personal property located at such residences, or vehicles registered in the Individual HSP Defendants' names; (2) divert mail addressed to the Individual HSP Defendants at their residences; or (3) take control of any bank account opened after the entry of this Order into which the Individual HSP Defendants have deposited monies earned after the date of this Order;

     **D.**     Take all steps necessary to secure and take exclusive custody of each location from which the Receivership Defendants operate their businesses. Such steps may include, but are not limited to, any of the following, as the Receiver deems necessary or advisable: (1) serving this Order; (2) completing a written inventory of all Receivership Assets; (3) obtaining pertinent information from all employees and other agents of the Receivership Defendants, including, but not limited to, the name, home address, Social Security Number, job description, company history, passwords or access codes, method of compensation, and all accrued and unpaid commissions and compensation of each such employee or agent; (4) photographing and videotaping any or all portions of the location; (5) securing the location by changing the locks and disconnecting any computer modems or other means of access to the computer or other records maintained at that location; and (6) requiring any persons present on the premises at the time this Order is served to leave the premises, to provide the Receiver with proof of identification, or to demonstrate to the satisfaction of the Receiver that such persons are

not removing from the premises Documents or Assets of the Receivership Defendants. Law enforcement personnel, including, but not limited to, police or sheriffs, may assist the Receiver in implementing these provisions in order to keep the peace and maintain security. If requested by the Receiver, the United States Marshal will provide appropriate and necessary assistance to the Receiver to implement this Order and is authorized to use any necessary and reasonable force to do so;

     **E.**    Conserve, hold, and manage all Assets of the Receivership Defendants, and perform all acts necessary or advisable to preserve the value of those Assets in order to prevent any irreparable loss, damage, or injury to consumers or creditors of the Receivership Defendants, including, but not limited to, obtaining an accounting of the Assets and preventing the unauthorized transfer, withdrawal, or misapplication of Assets;

     **F.**    As to Corporate HSP Defendants, enter into and cancel contracts, and purchase insurance as advisable or necessary;

     **G.**    Prevent the inequitable distribution of Assets and determine, adjust, and protect the interests of consumers and creditors who have transacted business with the Receivership Defendants;

     **H.**    Manage and administer the business of the Receivership Defendants, except any business that Individual HSP Defendants enter into after the entry of this Order, until further order of this Court by performing all incidental acts that the Receiver deems to be advisable or necessary, which includes but is not limited to retaining, hiring, or dismissing any employees, independent contractors, or agents;

     **I.**    Prevent the destruction or erasure of any web page or website registered to and operated, in whole or in part, by Receivership Defendants;

**J.** Take all steps necessary to ensure that any of the Receivership Defendants' web pages or websites relating to Association Memberships including, but not limited to, *greathealthplan.net, hspcare.com, hsp.iabbenefits.com,* and *magcorp.biz,* cannot be accessed by the public, or are modified for consumer education and/or informational purposes;

**K.** Choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

**L.** Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order. The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Receivership Defendants prior to the date of entry of this Order, except payments that the Receiver deems necessary or advisable to secure Assets of the Receivership Defendants, such as rental payments;

**M.** Suspend business operations of the Corporate HSP Defendants if in the judgment of the Receiver such operations cannot be continued legally or profitably;

**N.** Institute, compromise, adjust, appear in, intervene in, or become party to such actions or proceedings in state, federal or foreign courts or arbitration proceedings as the Receiver deems necessary and advisable to preserve or recover the Assets of the Receivership Defendants, or that the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order, including but not limited to, actions challenging fraudulent or voidable transfers;

**O.** Defend, compromise, adjust, or otherwise dispose of any or all actions or proceedings instituted in the past or in the future against the Receiver in his role as Receiver, or

against the Receivership Defendants, as the Receiver deems necessary and advisable to preserve the Assets of the Receivership Defendants, or as the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order;

**P.**     Issue subpoenas to obtain Documents and records pertaining to the Receivership, and conduct discovery in this action on behalf of the Receivership estate;

**Q.**     Open one or more bank accounts as designated depositories for funds of the Receivership Defendants.  The Receiver shall deposit all funds of the Receivership Defendants in such a designated account and shall make all payments and disbursements from the Receivership estate from such an account.  The Receiver shall serve copies of monthly account statements on all parties;

**R.**     Maintain accurate records of all receipts and expenditures incurred as Receiver;

**S.**     Cooperate with reasonable requests for information or assistance from any state or federal law enforcement agency; and

**T.**     File timely reports with the Court at reasonable intervals, or as otherwise directed by the Court.

## XVI. <u>TRANSFER OF RECEIVERSHIP PROPERTY TO RECEIVER</u>

**IT IS FURTHER ORDERED** that the Defendants, their Representatives, and any other person, with possession, custody or control of property of or records relating to the Receivership Defendants shall, upon notice of this Order by personal service or otherwise, immediately notify the Receiver of, and, upon receiving a request from the Receiver, immediately transfer or deliver to the Receiver possession, custody, and control of, the following:

**A.**     All Assets of the Receivership Defendants;

**B.**     All Documents of the Receivership Defendants, including, but not limited to, books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), client lists, title Documents and other papers;

**C.**     All computers, electronic devices and machines and data in whatever form used to conduct the business of the Receivership Defendants;

**D.**     All Assets and Documents belonging to other persons or entities whose interests are under the direction, possession, custody, or control of the Receivership Defendants; and

**E.**     All keys, codes, user names and passwords necessary to gain or to secure access to any Assets or Documents of the Receivership Defendants, including, but not limited to, access to their business premises, means of communication, accounts, computer systems, or other property.

In the event that any person or entity fails to deliver or transfer any Asset or Document, or otherwise fails to comply with any provision of this Section, the Receiver may file *ex parte* an Affidavit of Non-Compliance regarding the failure.  Upon filing of the affidavit, the Court may authorize, without additional process or demand, Writs of Possession or Sequestration or other equitable writs requested by the Receiver.  The writs shall authorize and direct the United States Marshal or any sheriff or deputy sheriff of any county, or any other federal or state law enforcement officer, to seize the Asset, Document, or other item covered by this Section and to deliver it to the Receiver.

## XVII.  **PROVISION OF INFORMATION TO RECEIVER**

**IT IS FURTHER ORDERED** that Defendants shall provide to the Receiver, immediately upon request, the following:

**A.**      A list of all Assets and property, including accounts, of the Receivership Defendants that are held in any name other than the name of a Receivership Defendant, or by any person or entity other than a Receivership Defendant; and

**B.**      A list of all agents, employees, officers, servants or those persons in active concert and participation with the Defendants, who have been associated or done business with the Receivership Defendants.

A Defendant does not, however, have to provide information pursuant to this Section if (1) the Defendant has already provided all such information to the Temporary Receiver pursuant to Section XX (Provision of Information To Receiver) of the Temporary Restraining Order; and (2) the information provided has not changed.  If both of these conditions are met, the Defendant must provide a sworn statement to the Receiver and Counsel for the Commission stating that all information pursuant to Section XX of the Temporary Restraining Order has already been provided and further stating that such information has not changed since the information was initially provided.

## XVIII.  **COOPERATION WITH THE RECEIVER**

**IT IS FURTHER ORDERED** that Defendants, their Representatives, and any other person served with a copy of this Order shall fully cooperate with and assist the Receiver in taking and maintaining possession, custody, or control of the Assets and Documents of the Receivership Defendants.  This cooperation and assistance shall include, but not be limited to: providing information to the Receiver that the Receiver deems necessary to exercise the

authority and discharge the responsibilities of the Receiver under this Order; providing any password required to access any computer, electronic file, or telephonic data in any medium; advising all persons who owe money to the Receivership Defendants that all debts should be paid directly to the Receiver; and transferring funds at the Receiver's direction and producing records related to the Assets and sales of the Receivership Defendants.  The entities obligated to cooperate with the Receiver under this provision include, but are not limited to, banks, broker-dealers, savings and loans, escrow agents, title companies, commodity trading companies, precious metals dealers, credit card processors, payment processors, merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies and other financial institutions and depositories of any kind, as well as all common carriers, telecommunications companies and third-party billing agents.

### XIX.  INTERFERENCE WITH THE RECEIVER

**IT IS FURTHER ORDERED** that Defendants and their Representatives, whether acting directly or through any entity, corporation, subsidiary, division, director, manager, member, affiliate, independent contractor, accountant, financial advisor, or other device, except as provided herein, as stipulated by the parties, or as directed by further order of the Court, are hereby restrained and enjoined from:

A.      Interfering with the Receiver's efforts to manage, or take custody, control, or possession of, the Assets or Documents subject to this Receivership;

B.      Transacting any of the business of the Receivership Defendants;

C.      Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any Assets owned, controlled, or in the possession or

custody of, or in which an interest is held or claimed by, the Receivership Defendants or the Receiver; and

**D.**     Refusing to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any order of this Court.

## XX.  STAY OF ACTIONS AGAINST RECEIVERSHIP DEFENDANTS

**IT IS FURTHER ORDERED** that, except by leave of this Court, during pendency of the Receivership ordered herein, Defendants, their Representatives, corporations, subsidiaries, divisions, or affiliates, and all investors, creditors, stockholders, lessors, customers and other persons seeking to establish or enforce any claim, right, or interest against or on behalf of Defendants, and all others acting for or on behalf of such persons, are hereby enjoined from taking action that would interfere with the exclusive jurisdiction of this Court over the Assets or Documents of the Receivership Defendants, including, but not limited to:

**A.**     Petitioning, or assisting in the filing of a petition, that would cause any Receivership Defendant to be placed in bankruptcy;

**B.**     Commencing, prosecuting, or continuing a judicial, administrative, or other action or proceeding against the Receivership Defendants, including the issuance or employment of process against the Receivership Defendants, except that such actions may be commenced if necessary to toll any applicable statute of limitations;

**C.**     Filing or enforcing any lien on any Asset of the Receivership Defendants, taking or attempting to take possession, custody, or control of any Asset of the Receivership Defendants, or attempting to foreclose, forfeit, alter, or terminate any interest in any Asset of the Receivership Defendants, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise;

**D.**     Initiating any other process or proceeding that would interfere with the Receiver's efforts to manage or take custody, control, or possession of, the Assets or Documents subject to this receivership.

**PROVIDED** that this Order does not stay: (i) the commencement or continuation of a criminal action or proceeding; (ii) the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; or (iii) the enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

## XXI.  COMPENSATION OF RECEIVER

**IT IS FURTHER ORDERED** that the Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the Assets now held by, in the possession or control of, or which may be received by, the Receivership Defendants.  The Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty (60) days after the date of entry of this Order.  The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

## XXII.  RECEIVER'S BOND

**IT IS FURTHER ORDERED** that the Receiver shall, if he has not already done so, file with the Clerk of this Court a bond in the sum of $10,000 with sureties to be approved by the

Court, conditioned that the Receiver will well and truly perform the duties of the office and abide by and perform all acts the Court directs.  28 U.S.C. § 754.

## XXIII.  ACCESS TO BUSINESS OFFICES AND RECORDS

**IT IS FURTHER ORDERED** that, in order to allow the Commission and the Receiver to preserve Assets and evidence relevant to this action, and to expedite discovery, the Receiver and his or her agents, and assistants, shall have immediate access to the business premises of the Receivership Defendants.  Such locations include, but are not limited to: 1500 West Cypress Creek Road, Suite 416, Fort Lauderdale, Florida 33309; 1500 West Cypress Creek Road, Suite 417, Fort Lauderdale, Florida 33309; 1500 West Cypress Creek Road, Suite 418, Fort Lauderdale, Florida 33309; and 2700 West Cypress Creek Road, Suite B-106, Fort Lauderdale, Florida 33309.  The Receiver and his or her representatives, agents, and assistants, are authorized to obtain the assistance of the U.S. Marshal's office and other federal, state and local law enforcement officers as they deem necessary to effect service and to implement peacefully the provisions of this Order.  The Receiver and his or her representatives, agents, and assistants, are authorized to remove Documents from the Receivership Defendants' premises in order that they may be inspected, inventoried, and copied for the purpose of preserving discoverable material in connection with this action.

Furthermore, the Receiver shall allow the Stipulating Defendants reasonable access to the premises and business records of the Receivership Defendants within his possession for the purpose of inspecting and copying materials relevant to this action.  The Receiver shall have the discretion to determine the time, manner, and reasonable conditions of such access.

## XXIV. __DISTRIBUTION OF ORDER BY STIPULATING DEFENDANTS__

**IT IS FURTHER ORDERED** that the Stipulating Defendants shall immediately provide a copy of this Order to each Representative, affiliate, telemarketer, sales entity, subsidiary, successor, assign, officer, director, member, manager, employee, independent contractor, client company, agent, spouse, and attorney of the Stipulating Defendants, and shall, within five (5) days from the date of entry of this Order, and provide the Commission and Receiver with a sworn statement that this provision of the Order has been satisfied, which statement shall include the names, physical addresses, phone number, and e-mail addresses of each such person or entity who received a copy of the Order. Furthermore, Defendants shall not take any action that would encourage officers, agents, members, directors, employees, salespersons, independent contractors, attorneys, subsidiaries, affiliates, successors, assigns or other persons or entities in active concert or participation with them to disregard this Order or believe that they are not bound by its provisions.

## XXV. __LIMITED EXPEDITED DISCOVERY__

**IT IS FURTHER ORDERED** that, notwithstanding the provisions of the Federal Rules of Civil Procedure 26(d) and (f) and 30(a)(2)(c), and pursuant to Federal Rules of Civil Procedure 30(a), 34, and 45, the Commission is granted leave, at any time after service of this Order, to conduct limited expedited discovery as set forth in this Section. For the purpose of discovering the (1) nature, location, status, and extent of Stipulating Defendants' Assets, (2) nature and location of Documents reflecting the Stipulating Defendants' businesses, business transactions and operations, or (3) the telecommunications providers that Stipulating Defendants utilize to conduct the practices alleged in the FTC's complaint, Counsel for the Commission may:

**A.**     Take the deposition of any Person, on three (3) days of notice.  The limitations

and conditions set forth in Rules 30(a)(2)(B) and 31(a)(2)(B) of the Federal Rules of Civil

Procedure regarding subsequent depositions of an individual shall not apply to depositions taken

pursuant to this Section.  Any such deposition taken pursuant to this Section shall not be counted

towards the deposition limit set forth in Rules 30(a)(2)(A) and 31(a)(2)(A); and

**B.**     Demand the production of Documents, on five (5) days of notice, from any

Person, whether or not a party, provided that three (3) days of notice shall be deemed sufficient

for the production of any such Documents that are maintained or stored only in an electronic

format.

Service of discovery upon a party to this lawsuit, taken pursuant to this Section, shall be

sufficient if made by facsimile or by overnight delivery.  Any expedited discovery taken

pursuant to this Section is in addition to, and is not subject to, the limits on discovery set forth in

the Federal Rules of Civil Procedure and Local Rules of this Court.  The expedited discovery

permitted by this Section does not require a meeting or conference of the parties, pursuant to

Rules 26(d) & (f) of the Federal Rules of Civil Procedure.

The Parties are exempted from making initial disclosures under Federal Rule of Civil

Procedure 26(a)(1)(B) until further order of this Court.

## XXVI. <u>SERVICE OF THIS ORDER</u>

**IT IS FURTHER ORDERED** that this Order may be served on any Person (including

any financial institution) that may have possession, custody or control of any property, property

right, Document, or Asset of any Stipulating Defendant, or that may be subject to any provision

of this Order pursuant to Rule 65(d)(2) of the Federal Rules of Civil Procedure, by any means,

including U.S. First Class Mail, overnight delivery, facsimile, email or personal service, by

agents or employees of Plaintiff, by agents or employees of the Receiver, by any law

enforcement agency, by private process server, or by any person or entity permitted by the

Federal Rules of Civil Procedure to effect service.  For purposes of this Section, service upon

any branch, subsidiary, affiliate or office of any entity shall effect service upon the entire entity.

This Order shall bind Persons (including entities) that may be subject to any provision of this

Order pursuant to Rule 65(d)(2) of the Federal Rules of Civil Procedure upon such Person's

receipt of actual notice, by personal service or otherwise, of this Order.  *See* FED. R. CIV. P.

65(d)(2).

## XXVII.  CORRESPONDENCE AND SERVICE ON COMMISSION

**IT IS FURTHER ORDERED** that, for the purpose of this Order, all correspondence

and service of pleadings on Plaintiff shall be addressed to:

> Dotan Weinman
> Patricia Hsue
> Federal Trade Commission
> 600 Pennsylvania Avenue NW
> Mail Stop H-286
> Washington, DC 20580
> (202) 326-3049 (Weinman phone)
> (202) 326-3132 (Hsue phone)
> (202) 326-3395 (fax)
> dweinman@ftc.gov
> phsue@ftc.gov

## XXVIII. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

**IT IS SO ORDERED**, in chambers, at Miami, Florida, on October 9, 2012, at 9:45 a.m.

_____

ROBERT N. SCOLA, JR.
**UNITED STATES DISTRICT JUDGE**

**AGREED AS TO FORM AND CONTENT**:


Dotan Weinman
Federal Trade Commission
600 Pennsylvania Avenue NW
Mail Stop H-286
Washington, DC 20580
(202) 326-3049 (phone)
(202) 326-3395 (fax)
dweinman@ftc.gov


Health Service Providers, Inc.
by Roy Hamilton, Director


Magnolia Health Management Corporation
d/b/a Health Service Providers
by Roy Hamilton, Director


Magnolia Technologies Corporation
by Roy Hamilton, Director

37

Fav Marketing, Inc.
by Roy Hamilton, Director

Roy Hamilton, Individually and
as Owner, Director, or Officer of
Health Service Providers, Inc.
Magnolia Health Management Corporation, d/b/a Health Service Providers
Magnolia Technologies Corporation, d/b/a Health Service Providers
Fav Marketing, Inc., d/b/a Health Service Providers

Judy Hamilton, Individually and
as Owner, Director, or Officer of
Health Service Providers, Inc.
Magnolia Health Management Corporation, d/b/a Health Service Providers
Magnolia Technologies Corporation, d/b/a Health Service Providers
Fav Marketing, Inc., d/b/a Health Service Providers

Merrill A. Bookstein, Counselor at Law P.A.
Counsel for Defendants Health Service Providers, Inc.,
Magnolia Health Management Corporation, Magnolia Technologies Corporation,
Fav Marketing, Inc., Roy Hamilton, and Judy Hamilton
1900 Glades Rd.
Suite 102
Boca Raton, FL 33431
Tel: 561-361-9454
Fax: 561-361-9843

_____
Fav Marketing, Inc.
by Roy Hamilton, Director




_____
Roy Hamilton, Individually and
as Owner, Director, or Officer of
Health Service Providers, Inc.
Magnolia Health Management Corporation, d/b/a Health Service Providers
Magnolia Technologies Corporation, d/b/a Health Service Providers
Fav Marketing, Inc., d/b/a Health Service Providers




_____
Judy Hamilton, Individually and
as Owner, Director, or Officer of
Health Service Providers, Inc.
Magnolia Health Management Corporation, d/b/a Health Service Providers
Magnolia Technologies Corporation, d/b/a Health Service Providers
Fav Marketing, Inc., d/b/a Health Service Providers


_____
Merrill A. Bookstein, Counselor at Law P.A.
Counsel for Defendants Health Service Providers, Inc.,
Magnolia Health Management Corporation, Magnolia Technologies Corporation,
Fav Marketing, Inc., Roy Hamilton, and Judy Hamilton
1900 Glades Rd.
Suite 102
Boca Raton, FL 33431
Tel:  561-361-9454
Fax: 561-361-9843